Pearson, J.
 

 It was the duty of Waddell, before he started to Alabama, to have put the executions into the hands of some other constable-.. Had they remained in his saddle
 
 *288
 
 bags, where he left them, until his return, he and his sureties would clearly have been liable. The relator did for him, what he ought to have done for himself; and it would be a matter of regret, if this well-meant interference has in law the effect of discharging those, who stood bound for Waddell, and putting the loss upon the relator.
 

 We think this consequence does not follow, upon two-grounds. First: The ground upon which the case is put by his Honor. The relator did not intend to discharge Waddell, and substitute Gupton in his stead, but intended 'merely to do for Waddell, that which he ought to have done for himself; and, by placing the papers in Gupton’s hands, to enable him, as
 
 the agent of Waddell,
 
 to go on and collect the debts, and thereby prevent a loss of the debts, by reason of which Waddell and his sureties would have been liable. It is true, this was not done at the request of Waddell, and, possibly, upon his return, he was at liberty to disown the act, and insist upon it as a discharge; but he did not do so. On the contrary, he affirmed the act, and in pursuance of it received the money from Gupton, thus bringing himself within the rule, “
 
 omnis ratihabitio retrotrahetur et mandato eequvparaturP
 

 Secondly: Assume, that the act of putting the executions in the hands of Gupton was, contrary to the intention of the relator, a discharge of Waddell from his first agency, it is clear, that the receipt of Gupton to Waddell, written by the relator and left in the saddle bags, amounted to a proposition, that he should undertake a second agency — to wit: that of receiving the money from Gupton, when collected. This proposition was accepted and acted upon by Waddell after his return, and he received the money from Gupton, as the agent of the relator, whereby he and his sureties became liable.
 

 This distinction between an execution and a mere claim, put into the hands of an officer for collection, insisted upon
 
 *289
 
 by the defendant’s counsel, is not well founded. The sureties are liable, whether
 
 the
 
 money is collected
 
 “
 
 with or without suit.;” and in either case, the constable is the agent of the party. If Gupton had refused to pay the money to Waddell, it was in his power, and he was bound to issue a warrant for it, as the agent of the relator, Rev. - Stat. c. 81, s. 3; and his paying it without suit has no bearing upon the liability of Waddell’s sureties.
 

 It is not necessary to notice the defence set up by way of evidence, because the matter alleged is negatived by the jnry-
 

 Nor is it necessary to notice that part of the charge, in relation to the right to recover nominal damages, because, as the relator is entitled to actual, the question of nominal damages becomes immaterial.
 

 Per Curiam. Judgment affirmed.